IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLOVIS REED** | § | **PLAINTIFF** |
| | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:18cv169-HSO-RHW** |
| | § | |
| | § | |
| | § | |
| | § | |
| **CITY OF DIAMONDHEAD, et al.** | § | **DEFENDANTS** |

## ORDER GRANTING PLAINTIFF CLOVIS REED'S MOTION [23] TO DISMISS WITHOUT PREJUDICE; DISMISSNG PLAINTIFF CLOVIS REED'S CLAIMS AGAINST DEFENDANTS NANCY DEPREO AND THOMAS SCHAFER IN THEIR INDIVIDUAL CAPACITIES WITHOUT PREJUDICE; AND DISMISSING CASE WITHOUT PREJUDICE

BEFORE THE COURT is Plaintiff Clovis Reed's Motion [23] for Voluntary Dismissal Without Prejudice. After due consideration of the record, the related pleadings, and relevant legal authority, the Court is of the opinion that Plaintiff's Motion [23] for Voluntary Dismissal Without Prejudice should be granted and Plaintiff Clovis Reed's claims against Defendants Nancy Depreo and Thomas Schafer in their individual capacities should be dismissed without prejudice. The Court is further of the opinion that it should decline to exercise supplemental jurisdiction over the remaining state-law claims, and that this case should therefore be dismissed without prejudice.

# I.  RELEVANT BACKGROUND

Plaintiff Clovis Reed ("Plaintiff") is the former City Manager of the City of Diamondhead, Mississippi.  On May 14, 2018, he filed this action against the following Defendants: the City of Diamondhead; Thomas Schaeffer, in his official capacity as Mayor for the City of Diamondhead and individually; Nancy Depreo, in her official capacity as Alderwoman for the City of Diamondhead and individually; Terry King; Margaret Dutton; Karen Rice; Dwayne Bremmer; Nicole Boisdore, and Elaine Bienvenue[1] (collectively "Defendants").  Compl. [1].  The Complaint alleges that Defendants violated Plaintiff's First and Fourteenth Amendment rights and that they committed a myriad of torts against him in violation of Mississippi law.[2] *Id.* at 3-10.

The Complaint asserts that while Plaintiff was serving as City Manager, Defendant Mayor Schafer (the "Mayor") treated Plaintiff's position as the "mayor's assistant, instead of the City Manager." *Id.* at 3-4.  Plaintiff contends that when members of the City Council asked him to focus more on his role as City Manager rather than on the Mayor's requests, the Mayor began verbally attacking him and undermining his authority. *Id.* at 4-5.  Plaintiff alleges that he asked the City Council to intervene in this alleged harassment, but it refused to act and the harassment continued. *Id.*  at 5.  According to the Complaint, the Mayor then

---

[1] Plaintiff voluntarily dismissed his claims against Defendant Elaine Bienvenue on October 19, 2018.
[2] Plaintiff alleges that Defendants' actions "constitute the torts of negligence, gross negligence, reckless disregard, harassment, failure to retain/supervise, outrage, negligent supervision, negligent maintenance, infliction of emotional distress, invasion of privacy, defamation, slander, malfeasance, wrongful termination, breach of the duty of loyalty, breach of fiduciary duty, breach of contract, breach of the duty of good faith and fair dealing, and negligent training."  Compl. [1] at 10.

began calling for Plaintiff's termination. In addition, the Mayor and other individual Defendants began falsely claiming "on social media, in public forums, behind closed doors, through media outlets, by word of mouth, and at council meetings" that Plaintiff had committed criminal acts. *Id.* at 5-6.

Following settlement negotiations with the City of Diamondhead and Defendants Schafer and Depreo, Plaintiff voluntarily dismissed his claims against the City and Defendants Depreo and Schafer in their official capacities. Notice of Dismissal [21] [22]. Plaintiff then filed the instant Motion [23] seeking to voluntarily dismiss Defendants Nancy Depreo and Thomas Schafer in their individual capacities without prejudice. Mot. [23]. Defendant Schafer initially responded by requesting a hearing on the Motion [23] and asking the Court to only grant a dismissal of these Defendants with prejudice, Resp. [24] at 2-3, but Schafer later withdrew this Response [24] and therefore his opposition to the Motion [23], Notice of Withdrawal [39].

Three non-City, individual Defendants, Rice, Boisdore, and King, also submitted a Response [26] in Opposition to the Motion [23], arguing that the Court should require Plaintiff to pay all legal fees and costs and "compel Reed and the City of Diamondhead to disclose all facts" that caused the parties to settle their claims. Resp. [26] at 3-4. In Reply [28], Plaintiff asserts that these Defendants are not entitled to legal fees and that they had no right to take part in settlement talks between him and the other Defendants. Reply [28] at 2.

Defendant City of Diamondhead responded in support of Plaintiff's Motion

[23] stating that Defendant Schafer abstained in the City's vote to waive the consent to settle clause of their insurance agreement allowing the settlement of these claims. Resp. [27] at 1-2. The City further maintains that Plaintiff waived his right to file suit against Defendants Schafer and Depreo in their individual capacities in future state court filings. *Id.* at 2.

During the Case Management Conference held before the Magistrate Judge, the parties agreed that once the Court dismisses Plaintiff's claims against Defendants Schafer and Depreo, the "only claims remaining in the case [will be] state[-]law claims." Minute Entry, Dec. 17, 2018.

## II. DISCUSSION

### A. Motion [23] for Voluntary Dismissal Without Prejudice

Federal Rule of Civil Procedure 41 permits a party to seek voluntary dismissal "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this [Rule 41(a)(2)] is without prejudice." *Id.* The United States Court of Appeals for the Fifth Circuit has explained that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The mere fact that the plaintiff 'may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice.'" *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 196-97 (5th Cir. 2018) (quoting *Bechuck v. Home*

*Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal quotation omitted)). Absent a showing of "plain legal prejudice" or other "evidence of abuse by the movant," such a motion should be granted. *Elbaor*, 279 F.3d at 317.

With Defendant Schafer having withdrawn his Response [24] to the pending Motion [23], non-City Defendants Rice, Boisdore, and King are the only Defendants who oppose Plaintiff's Motion [23]. Mot. [23]; Resp [26]; Notice of Withdrawal [39]. The Court finds that their requests for attorneys' fees and for disclosure of the details of the settlement are not well taken, and it declines to award such relief. *See* Resp. [26]. Further, because "the mere prospect of a second lawsuit" is not enough to show "plain legal prejudice," Plaintiff's Motion [23] for Voluntary Dismissal Without Prejudice should be granted.

B.   Supplemental jurisdiction over state-law claims

Having found that Plaintiff's Motion [23] should be granted, and pursuant to the parties' agreement that only state-law claims remain, the Court will determine whether to exercise supplemental jurisdiction over these claims. *See* Minute Entry, Dec. 17, 2018. Plaintiff's remaining claims against the non-City Defendants, Terry King, Margaret Dutton, Karen Rice, Dwayne Bremmer, and Nicole Boisdore, all sound in Mississippi tort law. Because the record establishes that there is not complete diversity of citizenship, supplemental jurisdiction under 28 U.S.C. § 1367 would be the only basis for the Court to retain jurisdiction over this litigation.

Under § 1367(c) a district court "may decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it

has original jurisdiction . . . ."  28 U.S.C. § 1367(c).  The Fifth Circuit has held that "[g]enerally, when the primary federal claim has been settled or dismissed before trial, the district court should dismiss any lingering ancillary state[-]law claims." *W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 870 (5th Cir. 1990) (quoting *Joiner v. Diamond M. Drilling Co.*, 677 F.2d 1035, 1041 (5th Cir. 1982)); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, the state claims should be dismissed as well."); *see Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

A district court is allowed a measure of discretion and may also consider the common law factors of "judicial economy, convenience, fairness, and comity" in assessing whether it should decline to exercise supplemental jurisdiction. *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009); *Grace & Co.*, 896 F.2d at 870-71.  Courts may consider the amount of resources expended on the litigation, the length of time a case has been pending, and whether a party would effectively lose the ability to assert a claim if prevented from asserting it in the federal case.  *Alphonse*, 618 F. App'x at 770; *Grace & Co.*, 896 F.2d at 871.

The Fifth Circuit has found that a district court abused its discretion in declining to exercise supplemental jurisdiction over remaining state-law claims where there had been more than 1,300 docket entries, discovery had closed, and the

district court had already ruled on "forty-one dispositive motions, fourteen *Daubert* motions, and seven other motions *in limine*." *Brookshire Bros.*, 896 F.2d at 598, 603. The Court also noted the significant risk that the plaintiff would attempt to re-litigate issues the district court had already decided. *Id.* at 603-04. In contrast, the Fifth Circuit in *Alphonse v. Arch Bay Holdings, LLC*, upheld a district court's dismissal where the case had "been ongoing for several years and [where] the parties ha[d] expended resources on discovery, dispositive motions, and an appeal." 618 F. App'x at 769-70. There, the Court reasoned that the resources expended were not exceptional and there was no danger the parties would re-litigate issues the federal court had already decided. *Id.*

In this case, the Court will have dismissed "all claims over which it has original jurisdiction," 28 U.S.C. § 1367, and all common law factors weigh in favor of dismissing Plaintiff's remaining state-law claims without prejudice. *Brookshire Bros.*, 896 F.2d at 598, 601-02. The parties have conducted little discovery and have not filed dispositive motions. *See id.*; *Alphonse*, 618 F. App'x at 769-70. While the Court has entered a Case Management Order [29], the only deadlines that have passed are those for amending pleadings and for joinder of parties. Order [29]. There is little to no risk that issues decided by this Court would be re-litigated in state court. *See Alphonse*, 618 F. App'x at 769-70.

In fact, Plaintiff's Reply [28] in support of his Motion [23] for Voluntary Dismissal recognizes that if the Court dismisses Plaintiff's claims against Defendants Schafer and Depreo in their individual capacities, the "Court will lose

original jurisdiction over state[-]law claims against the remaining Defendants."

Reply [28] at 2. The discovery that the parties have completed "would not need to

be repeated in state proceedings." *Alphonse*, 618 F. App'x at 769. The remaining

parties will experience little, if any, prejudice if this Court declines to exercise

supplemental jurisdiction.[3]

Further, the Court does not have substantial familiarity with the merits of

the case, and the remaining state-law claims, although not novel or complex, are

better decided by a state forum in light of the admonition that courts should

generally "decline to exercise jurisdiction over remaining state-law claims when all

federal-law claims are eliminated before trial." *Id.*

Based upon the particular circumstances of this case and because the Court

has dismissed all claims over which it had original jurisdiction, the Court will

decline to exercise supplemental jurisdiction over Plaintiff's pendent state-law

claims, and will dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *see also*

*Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the

pendent claims should expressly be without prejudice so that the plaintiff may refile

his claims in the appropriate state court.") (emphasis in original).

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it

has considered them and determined that they would not alter the result.

---

[3] § 1367(d) provides that after a federal court dismisses state-law claims over which it has supplemental jurisdiction, "the period of limitations . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see Artis v. District of Columbia*, 138 S. Ct. 594 (2018).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Clovis Reed's Motion [23] for Voluntary Dismissal Without Prejudice is **GRANTED**, and Plaintiff Clovis Reed's claims against Defendants Thomas Schafer and Nancy Depreo in their individual capacities are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Clovis Reed's claims against Defendants Terry King, Margaret Dutton, Karen Rice, Dwayne Bremmer, and Nicole Boisdore, are **DISMISSED WITHOUT PREJUDICE** to him refiling them in state court. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE